KATE R. DE FOREST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37284. Promulgated December 19, 1932.

*Andrew T. Smith, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

MATTHEWS: This is a proceeding for the redetermination of a deficiency in gift tax asserted for the calendar year 1924 in the amount of $5,194.07.

The sole question for our determination is whether a gift made by the petitioner of 1,925 shares of the common stock of the DeForest Estate Corporation took place in 1924 or in 1925, the petitioner having waived the issue raised as to the value of the stock.

The petitioner is an individual, a resident of New York City. On December 13, 1924, she was the treasurer of the DeForest Estate Corporation, a New York corporation, and the owner of 1,925 shares of its stock. On that date she executed an instrument, the pertinent parts of which are as follows:

AGREEMENT made this 13th day of December, 1924, between KATE ROGERS DE FOREST, wife of SHEPHERD KNAPP DE FOREST, now residing in the City, County and State of New York, of the first part, and THE CORN EXCHANGE BANK, a corporation organized under the laws of the State of New York, and having its principal place of business at Number 13 William Street in the City, County and State of New York, (hereinafter sometimes called the " Trustee "), of the second part,

WITNESSETH: that

\*    \*    \*    \*    \*    \*    \*    \*

Now, THEREFORE, the said KATE ROGERS DE FOREST, in consideration of the premises, and of One Dollar paid to her by THE CORN EXCHANGE BANK, the

receipt of which is hereby acknowledged, does hereby sell, assign, transfer and set over to THE CORN EXCHANGE BANK nineteen hundred and twenty-five (1925) shares of the common capital stock of DE FOREST ESTATE CORPORATION in trust as follows:

\* \* \* \* \* \* \* \*

THE CORN EXCHANGE BANK hereby accepts the trusts herein created upon the terms and conditions stated.

IN WITNESS WHEREOF the parties have executed this instrument in duplicate the day and year first above written.

KATE ROGERS DE FOREST, L. S.

[Seal affixed]                            THE CORN EXCHANGE BANK

by W. E. FREW

*President.*

STATE OF NEW YORK } ss:
COUNTY OF NEW YORK }

On this 13th day of December, 1924, before me personally came KATE ROGERS DE FOREST, to me known to be the individual described in and who executed the foregoing instrument, and to me duly acknowledged that she executed the same.

PRESTON B. HANDY,
*Notary Public, N. Y. Co.*

STATE OF NEW YORK } ss:
COUNTY OF NEW YORK }

On the 2d day of January, 1925, before me came WALTER E. FREW, to me known, who, being by me duly sworn, did depose and say that he resides in New York City, that he is the President of THE CORN EXCHANGE BANK, the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

FRED R. HUBER
*Notary Public.*

This deed of trust was not delivered to the Corn Exchange Bank or signed and acknowledged by Frew on its behalf until January 2, 1925.

The petitioner had been contemplating the execution of this trust for some time. After discussing it with her husband, Shepherd Knapp de Forest, she decided to make the trust agreement. Upon the advice of her attorney she first planned to carry out the gift in 1925, and the deed of trust, which is quoted from above, was originally prepared with "———— day of January, 1925." The "January, 1925" was later erased and "December, 1924" typed in. The reason for not making the gift until 1925 was that the constitutionality of the gift tax provision had been challenged in a court proceeding and it would probably be settled during 1925, or prior to the date in 1926 on which the return of gifts made in 1925 was required to be filed. However, the petitioner decided to leave for a trip to Europe prior to 1925, so she executed the trust agreement

on December 13, 1924. She later abandoned the contemplated trip and the certificate of stock remained in her possession until January 2, 1925, on which date she surrendered the certificate to the corporation and new certificates were issued to the Corn Exchange Bank.

On December 26, 1924, Charles D. Wheelock, the trust officer of the Corn Exchange Bank, wrote a letter to Shepherd Knapp de Forest, husband of the petitioner, saying in part as follows:

In accordance with your request we give below the names in which we would like to have issued the stock which is to be delivered to us under the trust deed of Mrs. de Forest.

\* \* \* \* \* \* \*

You will note that the date of the trust deed is left blank since we are not sure of the exact date. You will, no doubt, know this and can insert the proper date when issuing the certificates.

We regret if our delay in furnishing the above has caused you any inconvenience and trust the information supplied is that which you desire.

On December 27, 1924, Shepherd Knapp de Forest wrote to Wheelock, as follows:

I have your letter of December 26, 1924. Thank you for the information contained therein. No inconvenience was caused me by the slight delay you refer to.

I should like to set Friday, the second of January, as the date for the Corn Exchange Bank to accept this Deed of Trust, and the new certificates of stock will also be of that date.

On January 2, 1925, Certificate No. 51, for 1,925 shares of DeForest Estate Corporation, owned by petitioner, was canceled and stamp tax of $77 paid thereon. On the same date new certificates, Nos. 101, 102, 103 and 104, for 270, 270, 422 and 963 shares, respectively, were issued by the De Forest Estate Corporation to take the place of canceled Certificate No. 51. These certificates were issued in the name of and delivered to the Corn Exchange Bank on January 2, 1925.

The petitioner executed a Federal gift return on March 12, 1926, which was received at the office of the collector of internal revenue for the third district of New York on March 13, 1926, accompanied by a check for $2,775. The collector gave a receipt for this amount, acknowledging the payment as on account of the calendar year 1925. The return showed " gifts during the calendar year 1924 " and in the schedule for the description of the property under the heading " Date of gift " appeared " December 13, 1924." Attached to the return was the following protest:

This payment and accompanying report are made under compulsion and duress with a reservation of all rights and subject to protest on the ground that the Law imposing a Gift Tax is unconstitutional and void.

Dated March 1925.

KATE ROGERS DE FOREST.

The respondent, in determining the deficiency herein involved, asserted a gift tax for 1924 in the amount of $7,969.07, holding that the property had a value in excess of that returned by the petitioner on her return. Against this, he applied the $2,775 paid by petitioner, leaving $5,194.07, the amount of the deficiency herein.

The petitioner contends that the gift was not made until 1925, and was, therefore, not taxable until that year.

Section 319 of the Revenue Act of 1924 provides:

For the calendar year 1924 and each calendar year thereafter, a tax equal to the sum of the following is hereby imposed upon the transfer by a resident by gift during such calendar year of any property wherever situated, whether made directly or indirectly, and upon the transfer by a nonresident by gift during such calendar year of any property situated within the United States, whether made directly or indirectly: * * *

We must, therefore, determine when the transfer of this stock took place. The law as to gifts is well settled, that in order to be an effective gift there must be three factors present: (1) An intention to give; (2) a transfer of title or delivery; and (3) an acceptance by the donee. *Estate of David R. Daly*, 3 B. T. A. 1042, and *Allen-West Commission Co.* v. *Grumbles*, 129 Fed. 287. The latter case involved a gift of stock, the court holding that, when a husband, owner of 110 shares of stock in a corporation, delivered a written assignment of his interest in the corporation's business to his wife, but retained the certificate of stock, voted it and received dividends thereon, there was not a valid, completed gift of stock to his wife.

In some cases it has been held that delivery of a deed of transfer is sufficient to effect transfer of the title, although the certificates themselves are not transferred. See *Grymes* v. *Hone*, 49 N. Y. 17; *DeCaumont* v. *Bogert*, 36 Hun. (N. Y.) 382; and *In re Valentine's Estate*, 204 N. Y. S. 284.

It will thus be seen that whereas some cases hold that delivery of a deed is sufficient to transfer title to stock, and some that delivery of the certificates themselves is essential, they all agree that there must be an intent on the part of the donor to pass title. Where the donor retains the power to control the property which is the subject matter of the gift, the gift is not completed until she has put it out of her power to exercise such control. In the instant case we are of the opinion that the donor did not intend to transfer title to the certificates until 1925. The deed of trust was signed by her, but it was retained in her possession and control, as was the certificate, and was not delivered to or accepted by the trustee until 1925. The notary public who attested the signature of Frew, the trust officer of the bank, unequivocally testified that Frew signed it in his pres-

ence on January 2, 1925. The acts of the petitioner and the correspondence above set forth between her husband and the trust officer of the bank clearly show that the parties did not intend the gift to take place until 1925, and, there being no delivery either of the deed of trust or of the certificates themselves until that year, the transfer did not take effect until 1925. It follows, therefore, that the respondent erred in asserting a gift tax for 1924 upon such transfer.

The respondent did not file a brief, but, in view of objections raised by his counsel at the hearing with regard to the admission of certain testimony offered by deposition, we might state that we do not consider as of much weight the statements in the return filed by the petitioner to the effect that the gift was made in 1924. The return was not made until March, 1926, the receipt issued by the collector showing payment of the tax for 1925. The evidence clearly established that the date of March, 1925, appearing on the protest, was a typographical error and that it was not executed until March, 1926. The question of estoppel was not raised by the pleadings. Moreover, the question as to when the gift took place is one of law and not one of fact, and we are not bound by a statement of one of the parties that as a fact it took place at a certain time.

*Judgment of no deficiency will be entered.*